UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PEGGY MALLOY SOLACK,**
**MICHAEL SOLACK, AND**
**JONATHAN MATHIS,**

                              Case No.

                              Hon.

             Plaintiffs,

v.

**OAKWOOD HEALTHCARE, INC,**
**BEAUMONT HEALTH, AND**
**MORRIS COTTON ,**

             Defendants.

**GOLD STAR LAW, P.C.**
**MAIA E. JOHNSON (P40533)**
**DAVID A. HARDESTY (P38609)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, MI  48084
mjohnson@goldstarlaw.com
dhardesty@goldstarlaw.com

**COMPLAINT**

Plaintiffs, Peggy Malloy Solack, Michael Solack, and Jonathan Mathis, through their attorneys, Gold Star Law, P.C., for their Complaint state:

**PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff Peggy Malloy Solack ("Malloy") is an individual residing in Commerce Township, Michigan.  During the relevant period, Malloy was employed by Defendant as a Security Supervisor.

2.     Plaintiff Michael Solack ("Solack") is an individual residing in Commerce Township, Michigan.  During the relevant period, Solack was employed by Defendant as a Security Supervisor.

3.     Plaintiff Jonathan Mathis ("Mathis ") is an individual residing in Allen Park, Michigan. During the relevant period, Mathis was employed by Defendant as a Security Supervisor.

4.     Defendant Oakwood Healthcare, Inc ("Oakwood") is a Michigan corporation with its registered office in Bingham Farms, Michigan and which maintains a place of business in Dearborn, Michigan.

5.     Defendant Beaumont Health ("Beaumont") is a Michigan corporation with its registered office in Royal Oak, Michigan and which, upon information and belief, took over ownership, operation, and administration of Oakwood Healthcare, Inc. on or about September, 2014 as part of a merger/consolidation of three healthcare systems.

6.     Defendant Morris Cotton ("Cotton") is a Director of Security and Safety for Oakwood and Beaumont, acts directly in the interest of Oakwood and Beaumont,

and creates and implements pay policies and procedures concerning Plaintiffs' employments on behalf of Oakwood and Beaumont.

7. Defendants Oakwood and Beaumont are enterprises engaged in interstate commerce as defined by the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201, *et seq*. and have revenues in excess of $500,000 per year.

8. This action arises under 29 U.S.C. 207, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

9. Defendants resides within this judicial district, and venue is proper in this Court pursuant to 28 U.S.C. 1391(b)

## COVERAGE

10. At all material times, Defendants have been "employers" within the meaning of section 3(d) of the FLSA. 29 U.S.C. 203(d).

11. At all material times, Plaintiffs were "employees" within the meaning of section 3(e) of the FLSA. 29 U.S.C 203(e).

12. Defendants controlled the hours to be worked by, and the compensation of, Plaintiffs.

## FACTUAL ALLEGATIONS

13. Oakwood and Beaumont are in the business of providing healthcare services in the State of Michigan.

14.     Plaintiffs were employed as Security Supervisors during the three years preceding the date of filing of this Complaint (the "relevant employment period") at Defendants' facility in Dearborn, Michigan.

15.     Security Supervisors monitor, patrol and provide security services to Defendants' premises in Dearborn, Michigan.

16.     Plaintiffs are not exempt from the overtime pay requirements of the FLSA.

17.     Plaintiffs were paid on an hourly basis by defendants.

18.     Plaintiffs regularly worked over 40 hours per week during the relevant employment period.

19.     Plaintiffs punched in and out at the beginning and ends of their shifts.

20.     Plaintiffs regularly worked at least one half hour per shift for which they were not compensated.

21.     Plaintiffs were not given time off during their shift for lunch or for breaks, but were required to work the entire shift.

22.     Per Cotton, Plaintiffs were not permitted to leave Defendants' premises at any time during their work shifts.

23.     Plaintiffs were never absolved of responsibility for work during their work shift, and were required to respond to calls and/or radio transmissions and to otherwise work for all of the time that they were punched in during a shift.

24. Defendants did not compensate Plaintiffs for one half hour of time per work shift, although Plaintiffs never punched out for one half hour during a shift and were never absolved of responsibility for working at any time during a work shift.

25. Defendants compensated Plaintiffs at their regular rates of pay for forty hours per week, at one and one half times their regular rates of pay for hours worked over 40 in a week, but gave Plaintiffs no compensation for the additional half hour per work shift that Plaintiffs regularly worked in excess of the hours for which they were compensated.

26. When Plaintiffs questioned Defendants, and Cotton in particular, about the lack of compensation for one half hour of a work shift, they were told by Defendants that they were "management", so Defendants were not required to compensate them for all of their time worked.

27. During the relevant period, Malloy worked numerous hours for Defendants for which she was not compensated.

28. Malloy punched in and out at the beginning and end of her work shifts and Defendants were otherwise aware that Malloy worked time for which she was not compensated, and Defendants refused to compensate Malloy for all of the hours she worked for Defendants.

29. Malloy is owed at least $12,269.00 for hours which Defendants required, suffered or permitted Malloy to work for which she was not compensated.

30. During the relevant period, Solack worked numerous hours for Defendants for which he was not compensated.

31. Solack punched in and out at the beginning and end of his work shifts and Defendants were otherwise aware that Solack worked time for which he was not compensated, and Defendants refused to compensate Solack for all of the hours he worked for Defendants.

32. Solack is owed at least $7,392.00 for hours which Defendants required, suffered or permitted Solack to work for which he was not compensated.

33. During the relevant period, Mathis worked numerous hours for Defendants for which he was not compensated.

34. Mathis punched in and out at the beginning and end of his work shifts and Defendants were otherwise aware that Mathis worked at time for which he was not compensated, and Defendants refused to compensate Mathis for all of the hours he worked for Defendants.

35. Mathis is owed at least $5,151.00 for hours which Defendants required, suffered or permitted Mathis to work for which he was not compensated.

36. Defendants' method of paying Plaintiffs was in violation of the FLSA and was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA

37.  Plaintiffs incorporate the allegations in the foregoing paragraphs as if fully stated herein.

38.  Defendants' practice of failing to pay Plaintiffs for all hours worked violates the FLSA.

39.  None of the exemptions provided by the FLSA regulating the duty of employers to pay for all hours worked or to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs.

40.  Plaintiffs are entitled to recover their unpaid wages and overtime compensation.

41.  Plaintiffs are entitled to an amount equal to all of their unpaid wages and overtime wages as liquidated damages.  29 U.S.C. § 216(b).

42.  Plaintiffs are entitled to recover attorney fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court enter judgment awarding the following relief:

   a. Unpaid wages for all hours worked and not compensated, and one and one half times their regular rates of pay for hours worked in excess of forty per week;

b. An amount equal to the unpaid wages and overtime compensation as liquidated damages;

c. Reasonable attorney fees, costs and expenses of the action;

d. An order requiring Defendants to correct their pay practices going forward; and

e. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

*/s/Maia Johnson*
**MAIA E. JOHNSON P40533**
**DAVID A. HARDESTY P38609**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200

Dated: January 9, 2015